UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, Plaintiff, vs. **CARL JOSHUWA-LABELLE BROWN**, Defendant. | 2:18-CR-20293-TGB  **ORDER FOR SUPPLEMENTAL BRIEFING** |

On September 28, 2020, Carl Joshuwa-Labelle Brown filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 47. The Court now orders supplemental briefing on the following issues.

### I.     COVID-19

Mr. Brown is incarcerated at FCI Cumberland. When the government filed its response on October 13, there were zero inmates with positive COVID-19 tests at the facility. ECF No. 50, PageID.362. When Mr. Brown filed his reply seven days later, eight inmates were positive. ECF No. 51, PageID.392. Today, there are 202. *See* COVID-19 cases table, https://perma.cc/8V8F-ZJUB. In his motion, Mr. Brown alleges that FCI Cumberland is failing to follow CDC guidelines and that he is not being provided sufficient personal protective equipment to protect himself from the virus. ECF No. 47, PageID.144.

The Bureau of Prisons website offers some insight into the COVID-19 situation at FCI Cumberland. But the Court is unable to determine (1) what percentage of inmates and/or staff have been tested for COVID-19,[1] (2) whether the facility is adhering to CDC guidelines and whether inmates are being provided sufficient personal protective equipment, and (3) whether the increase in cases is affecting Mr. Brown personally and what measures are being taken to protect inmates from the increase in cases. Both parties are directed to supplement the record, to the extent they are able to do so, with information addressing these questions.

## II.  Surgery

In addition to health concerns due to obesity and hypertension, Mr. Brown asks this Court for compassionate release so he can complete a back surgery that has been pending for some time and that he states is causing him significant pain. ECF No. 47, PageID.144-45. He alleges if he undergoes the surgery while in BOP custody, it will require travel to a specialized facility, which may pose a health risk to himself and to BOP staff in light of COVID-19. *Id.* at PageID.145-46. He also alleges he will be unable to properly care for himself and rehabilitate after the surgery

---

[1] The "COVID-19 Inmate Test Information" table on the BOP website does not make clear whether the figure listed under "Number of Inmates with Completed Tests" is cumulative—i.e., whether the same inmate, if tested twice at different times, would be counted twice in this total count of completed tests. Therefore, it is impossible to know how many individual inmates have been tested. There is no data provided regarding staff tests. https://perma.cc/8V8F-ZJUB.

if he is in BOP custody. *Id.* at PageID.147-48. The government does not address these issues in its brief. ECF No. 50, PageID.351-52.

The record is insufficient to permit a determination as to whether Mr. Brown can have this surgery and successfully engage in post-operative care and rehabilitation while incarcerated. If such information is available to either party, they are directed to provide it.

### III. Release plan

Mr. Brown indicates if he were granted release, he would stay with his mother in Westland and eventually be re-employed by J.W. Hand Car Wash. ECF No. 47, PageID.149. However, according to the Probation Department, as stated in the Presentence Report, neither the address of his mother nor the prior employment was ever verified. PSR p. 21-22.

If such information can be verified by affidavit or other means, Mr. Brown is directed to do so.

## CONCLUSION

The parties shall file supplemental briefs addressing the matters above by December 16, 2020, which shall not exceed eight pages.

**SO ORDERED**, this 9th day of December, 2020.

BY THE COURT:

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE