UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

v.

CARL JOSHUWA-LABELLE BROWN

Case No. 18-20293

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified,

    a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐  There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

  ☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☑ DENIED after complete review of the motion on the merits.

☑ FACTORS CONSIDERED (Optional)
See attached.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

    IT IS SO ORDERED.

:

                                              s/Terrence G. Berg
                                              UNITED STATES DISTRICT JUDGE

Dated: January 26, 2022

*Overview*

In determining whether Mr. Brown is eligible for compassionate release under 18 U.S.C. § 3582(c), the Court must determine (1) whether he has exhausted his administrative remedies, (2) whether there are "extraordinary and compelling reasons" that warrant his release, and (3) whether release would be consistent with the factors in § 3553(a).

This is Mr. Brown's second compassionate release petition. The Court summarized the facts of his case in its prior order. *United States v. Brown*, No. 2:18-CR-20293-TGB, 2021 WL 388465, at *3 (E.D. Mich. Feb. 4, 2021). The government does not contest that Mr. Brown has exhausted his administrative remedies.

*Extraordinary and compelling reasons for release*

Mr. Brown contends that his extraordinary and compelling reasons for release are as follows: (1) he has the complicating medical conditions of obesity and hypertension that increase his risk for severe complications if he contracts COVID-19 and (2) the condition of his back has deteriorated and he has received medical guidance he now needs two surgeries to prevent irreversible spinal damage. ECF No. 47, PageID.440. The government responds that there are no extraordinary and compelling reasons warranting release because (1) although he does suffer from obesity and hypertension, Mr. Brown has declined to receive a COVID-19 vaccine and (2) although the government does not dispute the conclusions of the medical guidance offered to Mr. Brown, it disputes the allegation that Mr. Brown will not receive appropriate post-operative care unless the surgery is performed in a non-BOP facility and he is released to home confinement. ECF No. 63, PageID.671-72. The government also notes that Mr. Brown declined to accept surgical treatment from the BOP and signed a refusal form indicating the reasons he was not comfortable. *Id.* at PageID.673-75.

The Sixth Circuit has indicated that courts have broad latitude in deciding what factors, or combination of factors, can lead to a finding of

1

"extraordinary and compelling" reasons for release.[1] The Court acknowledges the undisputed evidence that Mr. Brown's need for corrective surgery is urgent, and the potential complications if he does not receive appropriate care are serious. However, the core argument he makes—that his chances of contracting COVID-19 are much lower if he receives the surgery at a non-BOP hospital and is subsequently released to home confinement—has already been addressed in the Court's previous order. Mr. Brown does not provide evidence that the risk of contracting COVID-19 is so significantly reduced if he were to be released. This is particularly true where his decision to decline the vaccine makes him more susceptible to serious illness than he would be if he were vaccinated.[2]

The main reason advanced in favor of finding extraordinary and compelling reasons is that Mr. Brown is in considerable pain because he needs serious back surgery, but he has thus far declined to consent to having the procedure done because he fears that the post-operative care and therapy in prison would not be adequate and would expose him to greater health risks than if he had the surgery and subsequent treatment on the outside. Although the Court can certainly understand such fears and that Mr. Brown would prefer to have this surgery and subsequent care delivered outside of the federal prison medical system, there is no evidence in the record that the surgery and post-operative care available in prison would be inadequate. An inmate serving a federal sentence who needs medical care, including medically necessary surgery, has a right to receive such care while incarcerated. In the absence of a showing that such care is not available from the prison health care system, he does not have a right to be released before the end of his sentence in order to seek such care from providers of his choosing. Under these circumstances, the Court does not find Mr. Brown to have alleged sufficient facts to support

---

[1] *United States v. Elias*, 984 F.3d 516, 519-20 (6th Cir. 2021).
[2] *See generally United States v. Lemons*, 15 F.4th 747 (6th Cir. 2021). The appellate court stated, as a general rule, that "a defendant's incarceration during the COVID-19 pandemic – when the defendant has access to the COVID-19 vaccine – does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *Id.* at 751.

2

a finding of "extraordinary and compelling" reasons that would justify early release.[3]

*Application of the § 3553(a) factors*

Regarding the factors in § 3553(a), Mr. Brown adds new information regarding (1) his compliance with all court-ordered conditions while on supervision prior to sentencing, (2) his completion of his GED and a National Parenting Program, and subsequent decline in his PATTERN score, and (3) the support he has from family and friends as evidence that he is unlikely to be a danger to the public should he be granted release. ECF No. 57, PageID.450-51; ECF No. 65, PageID.708-09. In opposing release, the government largely reiterates the arguments it made concerning the § 3553(a) factors in its response to Mr. Brown's first motion for compassionate release. ECF No. 63, PageID.675-682.

The Court acknowledges that the recent actions taken by Mr. Brown are commendable, and the support expressed in the various letters to the Court from family and friends is encouraging. But at this point Mr. Brown has served about 22 months, or 41% of the sentence term. In considering the nature of the offense, and also Mr. Brown's prior criminal history, these new efforts are not sufficient to overcome the Court's concern that the § 3553(a) goals of deterrence and protection of the public would be undermined by authorizing an early release.

---

[3] The Court acknowledges that Mr. Brown's personal and family medical history raises genuine concerns about the care he would receive if he were to move forward with the surgery while still in BOP custody. *See* Letter, ECF No. 65-1. But the law is clear that the BOP must provide Mr. Brown with any necessary care before, during, and after his surgery. If Mr. Brown elects to move forward with the surgery and finds that the care he receives is demonstrably deficient, he may notify the Court through his counsel so that the Court may take appropriate action.